161 P.2d 875

SIMION v. MOLYBDENUM CORPORATION OF AMERICA et al.

No. 4832.

Supreme Court of New Mexico.

Sept. 15, 1945.

Floyd W. Beutler and R. Howard Brandenburg, both of Taos, for appellant.

John C. Watson, of Santa Fe, for appellee employer.

Mechem & Hannett and Joseph L. Smith, all of Albuquerque, for appellee insurer.

SADLER, Justice.

The plaintiff below, who appears before us as appellant, sued Molybdenum Corporation of America, as employer, and Standard Accident Insurance Company, a corporation, as insurer, to recover compensation for an alleged industrial accident claimed to have been suffered by him while working for employer in its metal mines near Questa, in Taos County, New Mexico, from 1930 to 1934, as a result of which he suffered a permanent partial disability to the extent of fifty per cent. A trial was had, resulting in judgment for the defendants, the appellees here, for the revision and correction of which the plaintiff prosecutes this appeal.

The plaintiff suffers from silicosis. He began working for employer in February, 1930, as a miner and continued in that employment until May, 1934, when he left same and for the period of approximately eight years engaged in a business for himself unconnected with mining. In April, 1942, he began working for employer again, but as a cager, not as a miner. A few days after returning to his old employment, he contracted a severe cold and ceased working within two weeks after his return. On the 27th of May, 1942, following, he consulted a physician who took some X-ray pictures and diagnosed his trouble as silicosis. Within thirty days after being so advised, the plaintiff caused notice of claim for injury to be served upon the Molybdenum Corporation of America, his former employer.

After returning to employment with defendant mining company in April, 1942, following an eight years' absence from hard rock mining, the plaintiff did no active mining and was not subjected to the inhalation of dust for the two weeks he worked before taking sick and quitting his job. The trial court found that silicosis or pneumoconiosis is an injury to the lung

tissues caused by breathing into the lungs fine particles of silica dust, which, as a result of both mechanical or pathological irritation and chemical reaction, produces a slow, low-grade inflammatory reaction with the laying down of fibrous tissue over a long period of time, ranging from two to fifteen years, even after exposure has been discontinued, and results in a permanent impairment of the injured person. Indeed, silicosis, to the extent suffered by plaintiff, does not generally manifest itself to the sufferer for a period of from 2 to 15 years following exposure and then, ordinarily, following a cold which takes the sufferer to a physician where a clinical examination, including X-ray tests, is made.

Further describing silicosis, the court found it to be an affliction contracted where any one exposure is inconsequential in itself, but the continued absorption is a factor which produces it. Continuing in its findings, the court says:

"It has also been defined as happening drop by drop, little by little, day after day for weeks and months and finally enough is accumulated to produce symptoms. It has its inception in the occupation and develops over a long period of time."

But the court also found that during the period from 1930 to 1934, the employer knew, or should have known, that silicosis was largely preventable by the use of wet drilling equipment, proper ventilation and other means for the elimination of silica dust in the air of the mine where employees were working and that for two years of such period, 1930 to 1932, the plaintiff to the knowledge of the employer was using drilling equipment of the type known as "wet drills" for which the latter failed and refused to furnish the necessary lines or pipes to convey water to said drilling equipment as a consequence whereof the plaintiff was caused to engage in dry drilling in an extremely dusty atmosphere. Indeed, the court actually found that the employer's default in this connection caused the plaintiff to contract silicosis from which there had proximately resulted a permanent partial disability to the extent of fifty per cent.

The court drew as a conclusion of law from the foregoing facts found by it that the claimant had suffered a compensable injury arising out of and in the course of his employment but denied recovery because written notice of the injury had not been given as required by law. 1941 Comp. § 57-913. The theory of the trial court is clearly reflected by its third conclusion of law and the opinion which immediately followed it, to-wit:

"The Court concludes as a matter of law, that it is without jurisdiction to award compensation to the claimant in this cause for the reason that neither the notice of injury required by statute to be filed, nor the claim to recover because of said accident and injury was served upon the employer and insurer within the time prescribed by law.

"Opinion of the Court

"In the opinion of the Court, the claimant in this case is a victim of silicosis, and that he suffered the same by reason of an accident or injury wrongfully suffered in the mine of the defendant, Molybdenum Corporation of America, sometime between February or March, 1930, and May, 1934. The undisputed testimony of the experts shows that the ordinary miner does not become aware of the fact that he has silicosis until from two to fifteen years after exposure to silica dust.

"The claimant in this case did not know that he had silicosis until eight years after he had been exposed to silica dust, and the disease, silicosis, had its inception.

"Nearly all of the mining states in the United States have enacted a special statute covering silicosis under their compensation laws, but such is not the case in New Mexico. It was argued by the defendants in this case, and noted experts testified, that silicosis is an "occupational disease," and that any miner engaged in hard rock mining expects to contract silicosis in the course of his employment. The Court takes no truck in this testimony or the argument. Such contention is archaic, outmoded and contrary to the American way of life, and if the same were true, the insurance rates to protect miners in hard rock mines would be so high as to make molybdenum or other minerals contained in silica bearing rock prohibitive in price.

"But, in spite of all of this, the Court can only attempt to interpret the law as it appears in the statute, and in the opinion of the Court, under the New Mexico Compensation laws, from the very nature of the disease, it is practically impossible to collect a claim for the dread disease, silicosis or pneumoconiosis.

"Judgment will be for the defendants."

The foregoing findings, stated in substance, conclusions and judgment, with the light thrown upon them by the trial court's opinion following same, give us a fairly accurate picture of the proceedings below and of how the trial judge considered the matter. Unquestionably, he did not view sympathetically an appraisal of silicosis as an occupational disease, but on the contrary accepted the reasoning of those who look upon it as an industrial accident. Nevertheless, notwithstanding such a view, he interpreted certain decisions of this Court declaring the effect of the statutory language requiring written notice of accident and injury to be such as to leave him no alternative, save to rule against the plaintiff for failure to give written notice within the period prescribed.

While strongly affirming the correctness of the trial court's ruling on the question of notice, the defendants at the same time urge upon us the contention, in the nature of cross-error, that if the trial court had correctly ruled silicosis to be an occupational disease, instead of appraising it as an industrial accident, such a ruling would render proper the judgment entered in their favor. Hence, they invoke our decision, in the event we should sustain the plaintiff's position as to notice, on the ques-

tion whether silicosis, as claimed by them, be an occupational disease. Since, the fundamental question presented by this appeal is whether silicosis be an occupational disease rather than an industrial accident, its consideration and decision will first engage our attention. In other words, it would avail plaintiff nothing to have us resolve the question of notice favorably to him, if at the same time he were to be told that his disability did not result from an industrial accident, a fact which would render notice unimportant.

While on the question of notice it may be worth while to state it is the plaintiff's contention that written notice given within the time prescribed by 1941 Comp. § 57-913, following discovery by him that he suffered from silicosis, notwithstanding such discovery occurred approximately eight years after he had left the employment exposing him to the danger of it, furnishes full compliance with the statute. The defendants, on the contrary, say the language leaves no field for construction and plainly forecloses recovery of compensation for any disability arising from accident written notice of which was not given within thirty days after its occurrence, or "at all events" within sixty days. This presents a nice question which, for the reason stated, we must now leave undetermined.

In an opinion this day filed in the case of Aranbula v. Banner Mining Company, 49 N.M. 253, 161 P.2d 867, we have definitely held that silicosis is not an industrial accident and, hence, the disability caused thereby is not compensable under our workmen's compenastion act. We thus have taken a stand on this controversial question in line with the decided weight of expert and technical authority as well as judicial precedent in classifying silicosis as an occupational disease. It would do no good to reexamine the question here or to catalogue and comment upon the authorities leading us to this conclusion. In the exhaustive opinion written by Chief Justice Mabry in the Aranbula case, just mentioned, this has been so well done that it would be a duplication of effort to repeat it. Suffice it to say that the holding in that case is decisive of the question so extensively and ably argued by opposing counsel in the case at bar.

Nor can it alter the situation that the trial court has found in this case that the silicosis suffered by plaintiff was the result of employer's failure to fully install equipment for "wet drilling" during two of the four years in which he was engaged in mining for such employer. Once we hold, as we have in the Aranbula case, that silicosis is an occupational disease, then we have agreed and recognized what expert and technical opinion and the great weight of judicial authority affirm that there is positively no practice, method or equipment known to the mining industry which will prevent silicosis in many of those engaged in hard rock mining. Proper ventilation and wet drilling can reduce and minimize the danger of contracting it, yes, but they give no assurance that the danger has been eliminated. If technical and medical authority could affirm that known preventive

methods, if employed, furnish absolute security against contracting the disease, there perhaps would be a field left within which a showing of accidental injury could be made even in the case of silicosis. This possibility we need not consider since it is mere speculation on a state of facts shown not to exist. Indeed, the extent to which the trial court was willing to go in its findings on the efficacy of preventive methods was that silicosis was "largely preventable" by the use of wet drilling, proper ventilation and other means for the elimination of silica dust from the air of the mine. This finding would seem to devitalize as speculative the further finding, above mentioned, that the plaintiff's silicosis resulted from employer's failure to use preventive methods over two years of his four year period of employment.

The question whether silicosis is or is not an occupational disease is one that has engaged the best legal and scientific minds of the country for many years with the great weight of authority both medical and judicial supporting a characterization of it as occupational. The result has been that many of the states long since have enacted beneficent legislation rendering it compensable. Unfortunately, our own state legislature did not do so until its very last session in 1945 when it enacted H.B. 189, extending coverage to this and other named occupational diseases. Such humanitarian legislation is to be highly commended. Regrettably, it comes too late to aid this plaintiff. Much as we sympathize with him in his affliction, we are unable to give him relief.

It follows from our holding that the silicosis from which plaintiff suffers did not result from an industrial accident, the judgment under review is correct and must be affirmed.

It is so ordered.

MABRY, C. J., and BRICE and LUJAN, JJ., concur.

BICKLEY, J., concurs in the result.