556 P.2d 1180

John Ivan VINCENT, Plaintiff-Appellee,

v.

UNITED NUCLEAR–HOMESTAKE PARTNERS, Employer, Defendant-Appellant.

No. 2550.

Court of Appeals of New Mexico.

Oct. 26, 1976.

Certiorari Denied Nov. 24, 1976.

Walter K. Martinez, Grants, for appellant.

LeRoi Farlow, LeRoi Farlow, P.A., William C. Madison, Albuquerque, for appellee.

## OPINION

WOOD, Chief Judge.

Plaintiff has silicosis. He was awarded compensation benefits under the Occupational Disease Disablement Law. Sections 59–11–1, et seq., N.M.S.A.1953 (2d Repl. Vol. 9, pt. 1). Defendant appeals. The issues involve: (1) compensability for silicosis; (2) extent of disablement; (3) amount of compensation awarded; and (4) lumpsum payment.

*Compensability for Silicosis*

At the time of trial, plaintiff was 43 years old. He had worked as an under-

ground miner since he was 16 years of age. He was employed as an underground miner by defendant from July, 1966 to January 30, 1975. On or about February 10, 1975 he was informed he was suffering from silicosis. The trial court found that plaintiff "is not able by reason of the disease of silicosis, to perform any work underground as a miner for remuneration or profit." The trial court also found that defendant was "plaintiff's last employer in whose employment the plaintiff was last injuriously exposed to the hazards of employment resulting in silicosis."

Defendant attacks the finding concerning last injurious exposure. It claims the evidence is uncontradicted that plaintiff had silicosis in 1964, before he went to work for defendant. Defendant asserts that proof of aggravation of the silicosis (in 1964) was required under § 59–11–31, supra, that there is no such proof and that plaintiff's benefits should be reduced accordingly.

■ Section 59–11–31, supra, does not require proof of aggravation of the silicosis. The reduction in benefits provided for by that section is for occupational disease aggravated by other disease or infirmity "not itself compensable" and for "other cause not itself compensable" which is aggravated by an occupational disease. See also § 59–11–22, supra. There is nothing showing that plaintiff's silicosis has been aggravated by other disease. Section 59–11–31, supra, is not applicable.

■ The evidence is that plaintiff had silicosis in 1964, that the condition progressed subsequent to that time, that he was injuriously exposed to harmful quantities of silicon dioxide dust during the 1966 to 1975 period that he worked for defendant. The proof is that plaintiff's last injurious exposure occurred while employed by defendant. Section 59–11–11, supra.

Plaintiff's condition was compensable.

*Extent of Disablement*

The trial court found that plaintiff was totally disabled from working underground as a miner by reason of silicosis. The trial court concluded that plaintiff was totally physically incapacitated by reason of silicosis to perform any work for remuneration or profit in the pursuit in which he was engaged. This conclusion tracks the statutory definition of "disablement" in § 59–11–4(a), supra.

■ Defendant asserts the finding does not support the conclusion. It asserts the finding ignores plaintiff's ability to engage in pursuits other than underground mining. If the proof brings plaintiff within the statutory definition of disablement "[t]hat he [plaintiff] is still able to work in other fields does not alter this situation." *Holman v. Oriental Refinery*, 75 N.M. 52, 400 P.2d 471 (1965); *Herrera v. Fluor Utah, Inc.*, 89 N.M. 245, 550 P.2d 144 (Ct.App.1976). An unchallenged finding is that plaintiff had worked as an underground miner for 27 years. This finding, together with the finding that plaintiff is totally disabled from work as an underground miner, supports the conclusion of disablement. Plaintiff's work since 1975, other than as an underground miner, had no legal effect on the judgment of "disablement".

Although plaintiff suffered a "disablement" as defined in § 59–11–4(a), supra, defendant asserts that plaintiff does not have a *total* disablement, referring us to work other than as an underground miner since 1975. "There is no specific statute providing for partial disability or disablement, however, a fair reading of the statutes involved implies that compensation should be paid for something less than total disablement." Defendant cites § 59–11–14(B), supra, which states the compensation payable for "total disablement." It cites § 59–11–15(D), supra, which refers to "the condition of permanent total or permanent partial disablement the workman has suffered." Defendant's contention is that a finding of disablement is insufficient, that a finding of either "total" or "partial" disablement is required to support an award of compensation.

The first paragraph of § 59–11–37, supra, provides for medical examination of

employees awarded compensation for disablement. Two sentences from that paragraph relate to defendant's argument although defendant understandably relies only on the first sentence. The two sentences read:

"The purpose of such examination shall be to determine whether the employee has recovered so that his earning power at any kind of work is restored, and the court shall be empowered to hear evidence upon such issue. If it is disclosed upon such hearing that termination of disablement has taken place, the court shall order termination of payment of compensation."

Compensation is payable for "disablement". Disablement is defined in terms of "total physical incapacity by reason of an occupational disease . . . to perform any work . . . in the pursuit" in which the workman was engaged. Section 59–11–4(a), supra. With this definition, *Holman v. Oriental Refinery*, supra, held that work in other pursuits does not alter the right to compensation for an occupational disease. The sentence in § 59–11–37, supra, on which defendant relies (concerning "any kind of work") does not change the provision that benefits are payable for disablement by reason of an occupational disease. The provisions in § 59–11–14(B) and § 59–11–15(D), supra, which refer to total and partial disablement, do not change the definition of disablement and do not provide that compensation is payable for partial disablement. The word "total" in § 59–11–14(B), supra, is a redundancy; the only disablement under our statute is for total physical incapacity by reason of an occupational disease.

■ The trial court did not err in failing to find that plaintiff's disablement was either "total" or "partial" because our occupational disease statute does not provide for compensation on that basis. Compare, *Ojinaga v. Dressman*, 83 N.M. 508, 494 P. 2d 170 (Ct.App.1972). Compensation is awarded only for disablement as defined in § 59–11–4(c), supra. The findings sup-port the conclusion of disablement in this case; plaintiff was entitled to compensation for that disablement.

*Amount of Compensation*

■ Limitations on the benefits payable for silicosis have been a part of the occupational disease law since its enactment in 1945. The original statute limited the amount to $800.00 with additional increments of $70.00 for each calendar month "after this act becomes effective" up to a maximum aggregate amount of $5,000.00. Laws 1945, ch. 135, § 18. A 1949 amendment raised the initial amount to $1,200.00, the monthly increments to $100.00 and the maximum to $7,500.00. Laws 1949, ch. 107, § 1.

A 1965 amendment raised the initial amount to $10,000.00, changed the increments from monthly to annually, provided for an annual increment of $1,000.00 and provided a maximum aggregate of $20,000.00. Laws 1965, ch. 299, § 16. Amendments in 1967, 1969 and 1971 raised the maximum aggregate but made no other changes in the statute as amended in 1965.

This issue involves the aggregate amount of compensation payable for plaintiff's silicosis. Section 59–11–19, supra, reads:

"*Disablement or death payment due to silicosis or asbestosis—Amount limited.*— The maximum compensation benefits payable under the New Mexico Occupational Disease Disablement Law [59–11–1 to 59–11–42], exclusive of medical and funeral benefits, for disablement or death due to silicosis or asbestosis, notwithstanding anything in this act, as amended, otherwise provided, shall not exceed the following:

"A. If disablement or death occurs during the first year in which this act becomes effective, the sum of ten thousand dollars ($10,000); if disablement or death occurs during the second year after this act becomes effective, the sum of eleven thousand dollars ($11,000);

"B. Thereafter the total maximum compensation payable for disablement

and death increases at the rate of one thousand dollars ($1,000) for each year;

"C. In no event shall the aggregate amount of benefits payable by defendants exceed a total of twenty-eight thousand five hundred dollars ($28,500)."

The trial court awarded the aggregate amount of $28,500.00; defendant asserts the amount should be less, contending the 1965 provision for $10,000.00 plus $1,000.00 annual increments results in a maximum aggregate of $19,000.00. For defendant's contention to be correct, "this act" in § 59–11–19, supra, must refer to the 1965 amendment and not to the original enactment.

The first paragraph of § 59–11–19, supra, refers to maximum benefits "notwithstanding anything in this act, as amended, otherwise provided". This phrase, except for "as amended", has been in the statute since its original enactment. "As amended" was inserted into the phrase by the 1965 amendment.

Paragraph A of § 59–11–19, supra, states that "If disablement or death occurs during the first year in which this act becomes effective" then a certain sum is payable. The only change in the quoted phrase since the original enactment was the change from "calendar month" to "year" in 1965.

The words "this act" in § 59–11–19, supra, refers to the original enactment of 1945; it does not refer to the 1965 amendment. This meaning is established by the legislative history which we have reviewed. This meaning is in accordance with the rule that:

"[A] statute should be read as a whole, as to future transactions, the provisions introduced by the amendatory act should be read together with the provisions of the original section that were re-enacted in the amendatory act or left unchanged thereby, as if they had been originally enacted as one section."

*Frkovich v. Petranovich*, 48 N.M. 382, 151 P.2d 337, 155 A.L.R. 295 (1944); see *Janney v. Fullroe*, 47 N.M. 423, 144 P.2d 145

(1943); *Treider v. Doherty and Company*, 86 N.M. 735, 527 P.2d 498 (Ct.App.1974).

The meaning of "this act" not having been changed since the original enactment of 1945, the maximum aggregate was not to be calculated from 1965, but from 1945. The maximum aggregate of $28,500.00 applies to plaintiff's compensation.

*Lump-Sum Payment*

■ The trial court awarded plaintiff a lump-sum payment of $28,500.00. Defendant contends there is no authority for lump-sum payment. Section 59–11–24, supra, provides: "The court may approve an agreement for the conversion of the compensation into a lump-sum payment." There has been no such agreement; the trial court ordered the lump-sum award. Plaintiff relies on decisions involving our workmen's compensation statutes. These statutes differ from § 59–11–24, supra. See § 59–10–13.5(B), N.M.S.A.1953 (2d Repl. Vol. 9, pt. 1, Supp.1975) and § 59–10–25(B), N.M.S.A.1953 (2d Repl. Vol. 9, pt. 1).

Plaintiff would find statutory authority for a lump-sum award of occupational disease compensation benefits in the reference to "aggregate amount of benefits" in § 59–11–19, supra. As used in § 59–11–19, supra, "aggregate" means the collective amount of benefits; it does not mean a lump-sum. Webster's Third New International Dictionary (1966), "aggregate". Plaintiff's compensation is payable in installments, there being no authority for the trial court to order a lump-sum payment.

Oral argument is unnecessary. The award of occupational disease compensation benefits in the aggregate amount of $28,500.00 is affirmed. The lump-sum payment is reversed. The cause is remanded for entry of a corrected judgment consistent with this opinion. Plaintiff is awarded $1,750.00 for the services of his attorney in this appeal.

IT IS SO ORDERED.

HENDLEY and SUTIN, JJ., concur.