804 P.2d 1111

**Charlotte A. MATHIS,
Plaintiff–Appellant,**

v.

**TRAILWAYS LINES, INC., Employer,
and Liberty Mutual Insurance Co.,
Insurer, Defendants–Appellees.**

**No. 12059.**

Court of Appeals of New Mexico.

Dec. 13, 1990.

Elizabeth Gabriel, Albuquerque, for plaintiff-appellant.

Joy Read, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, for defendants-appellees.

## OPINION

BIVINS, Judge.

Worker appeals a judgment of the district court dismissing her claim with prejudice and awarding employer and its insurer (employer) their costs. Worker raised two issues in her docketing statement: (1) lack of substantial evidence to support the court's finding that worker's disability was not causally related to the accidental injury she sustained on September 17, 1984; and (2) error in awarding employer its costs. Worker briefed only the cost issue; therefore, she has abandoned the first issue. *State v. Fish*, 102 N.M. 775, 701 P.2d 374 (Ct.App.1985). We reverse the judgment to the extent it awards costs to employer and affirm in all other respects. We decline to award worker attorney fees on appeal.

After the district court filed its decision, finding against worker and concluding employer was entitled to recover its costs, employer filed a cost bill as follows:

| | | |
|---|---|---|
| 1. | Expert witness fees paid to Dr. Allan Wilson for trial preparation and trial testimony (given under subpoena). | $1,500.00 |
| 2. | Expert witness fees paid to Ken L. Williams, M.A., C.R.C. (vocational rehabilitation expert) for trial preparation and trial testimony (given under subpoena). | 1,009.66 |
| | | $2,509.66 |

At the presentment of judgment, counsel argued the question of whether it was proper to award employer its costs. The district court took the question under advisement and subsequently issued a letter opinion holding the award of costs was proper under *Goolsby v. Pucci Distributing Co.*, 80 N.M. 59, 451 P.2d 308 (Ct.App. 1969). Judgment was entered, and this appeal followed.

Worker sustained her accidental injury on September 17, 1984, and this case was tried under the "old" Workmen's Compensation Act, NMSA 1978, Sections 52–1–1 to –69 (Orig.Pamp. & Cum.Supp.1983) (Act). On appeal, the parties agree that Section 52–1–35 is applicable.

Section 52–1–35(B) provides,

B. No cost shall be charged, taxed or collected by the clerk except fees for witnesses who testify under subpoena. These witnesses shall be allowed the same fee for attendance and mileage as is fixed by law in other civil actions. Notwithstanding the provisions concerning expert witness fees as provided in Section 38–6–4 NMSA 1978, the court may order the payment of reasonable

fees for any expert witnesses whose examination of the claimant, report or trial attendance is determined by the court to be reasonably necessary in the trial of the case.

No claim is made that the costs awarded were for discovery. *See* § 52–1–34. Therefore, if costs can be properly awarded employer, the parties seem to agree the authority must be found in Section 52–1–35(B) set forth above.

■ Employer argues that *Goolsby* explicitly addressed the question of whether the fee of an expert witness who testifies for the defense under subpoena may be assessed as costs against the worker, if unsuccessful, *and* held it could. We agree with worker that the language in *Goolsby* was dicta. The issue in that case was whether the district court could condition the grant of hearing on a worker's motion to increase his benefits on the worker paying the expert fees, should his motion fail. We held the district court could not. After so holding, we said, "If unsuccessful, the trial court may assess against plaintiff, as costs, the fee of an expert witness who testifies for the defense under subpoena. Section 59–10–13.10, N.M.S.A.1953 (Repl. Vol. 9, pt. 1); § 20–1–4, N.M.S.A.1953 (Supp.1967)." *Id.*, 80 N.M. at 61, 451 P.2d at 310.

Although dicta, we examine the statutory authority relied on by the *Goolsby* court to determine if expert witness fees of subpoenaed witnesses can be assessed against an unsuccessful worker. Section 59–10–13.10, cited in *Goolsby*, is substantially the same as Section 52–1–35(B) (Orig. Pamp.) and provides,

B. No costs shall be charged, taxed or collected by the clerk except fees for witnesses who testify under subpoena. These witnesses shall be allowed the same fee for attendance and mileage as is fixed by law in other civil actions; provided, however, the court may assess against the defendants the fees allowed any medical witness whose examination of the claimant, report, or trial attendance is ordered by the court, as provided in Section 59–10–20.1 New Mexico Statutes Annotated, 1953 Compilation.

The compiler's notes indicate that Section 59–10–20.1, referred to in the statute, is nonexistent and suggested the reference probably should have been to Section 52–1–51, which relates to the testimony of physicians.

In 1983, the legislature amended Section 52–1–35(B), 1983 N.M.Laws ch. 189, § 2, as set forth above. According to the compiler's notes, the 1983 amendments deleted the proviso clause at the end of the second sentence, as set out in the original pamphlet, and added the last sentence therein. We will refer to the 1983 amendment as Section 52–1–35(B) throughout the remainder of this opinion.

Section 52–1–35(B) is silent as to whether costs may be assessed against either side as opposed to only the employer or its insurer. Thus, the pivotal question is whether that section authorizes costs to be assessed against a worker who fails in his or her claim for benefits.

"Costs are a creature of statutes and may not be imposed in the absence of clear legislative authorization." *Chadwick v. Public Serv. Co. of N.M.*, 105 N.M. 272, 275, 731 P.2d 968, 971 (Ct.App.1986) (citing *Reck v. Robert E. McKee Gen. Contractors, Inc.*, 59 N.M. 492, 287 P.2d 61 (1955)). Does Section 52–1–35(B) *clearly* authorize the imposition of costs against a losing worker? Read in isolation, arguably the answer is in the affirmative. At least, there is no indication in the language of Section 52–1–35(B) that costs for fees for witnesses who testify under subpoena cannot be taxed against the worker.

Nevertheless, when Section 52–1–35(B) is read in context with other provisions of the Act, such conclusion is not so easily reached. The fundamental rule in construing statutes is to ascertain and give effect to the intention of the legislature. *State v. Chavez*, 77 N.M. 79, 419 P.2d 456 (1966). All of the provisions of a statute, together with other statutes in pari materia, must be read together to ascertain the legislative

intent. *Allen v. McClellan,* 75 N.M. 400, 405 P.2d 405 (1965). Moreover, statutes are to be interpreted with reference to their manifest object, and if the language is susceptible of two constructions, the one which will carry out the object should be utilized. *Martinez v. Research Park, Inc.,* 75 N.M. 672, 410 P.2d 200 (1965), *overruled on other grounds, Sundance Mechanical & Utility Corp. v. Atlas,* 109 N.M. 683, 789 P.2d 1250 (1990) *and Lakeview Invs., Inc. v. Alamogordo Lake Village, Inc.,* 86 N.M. 151, 520 P.2d 1096 (1974).

With these principles of statutory construction in mind, we examine the Act to glean the legislature's intent. Claims for benefits under the Act are handled much the same as civil actions, except where the Act is different. *See* § 52–1–34. For example, in a civil suit, each party would initially be responsible for the costs of any discovery he or she undertakes. In contrast, discovery under the Act may be pursued only by motion and order authorizing it, and, when authorized, the cost or expense is borne by defendants. *Id.* The Act provides that "in no event shall any unsuccessful claimant be responsible for the cost or expense of [discovery] ordered by the court." *Id.*

In the ordinary civil action, absent statute or rule, each side pays his or her own attorney fees. NMSA 1978, § 34–6–40 (Cum.Supp.1983). In contrast, under the Act applicable to this case, reasonable attorney fees may be awarded to a successful claimant. § 52–1–54. Additionally, under the Act, filing fees in the district court and appellate courts are waived. *See* §§ 52–1–35(B), –39(B).

These examples, as well as the attached chart, demonstrate that, as created, the Act is designed to provide the injured worker a simple, expeditious, and cost-free means of obtaining benefits which may be due. *See, e.g., Sanchez v. M.M. Sundt Const. Co.,* 103 N.M. 294, 706 P.2d 158 (Ct.App.1985) (Act presents a balance between the worker's need for expeditious payment and the employer's need to limit liability). Incidents where a worker has been taxed costs are rare. *See, e.g., Chadwick v. Public Serv. Co. of N.M.* (witness fees of witnesses deposed under subpoena under Occupational Disease Disablement Law properly assessed against unsuccessful worker). The attached chart, which contains a fee/cost comparison under the Act and later changes, persuades us the legislature intended to provide the worker a cost-free means of recovering benefits due.

Because employer relies on *Chadwick* and because it deals with statutory provisions similar to those before us, we examine that case further. The district court in that case found against the worker and awarded the employer its costs, which consisted of expert witness fees for two physicians whose depositions were used in lieu of live testimony at trial. Both medical experts were deposed under subpoena pursuant to a general discovery order. This court considered NMSA 1978, Section 52–3–24(B) (Orig.Pamp.), the first two sentences of which are identical to the first two sentences of Section 52–1–35(B).

*Chadwick* first addressed the "proposition that a conflict exists between the statute governing depositions and the statute governing costs." *Id.* 105 N.M. at 275, 731 P.2d at 971. Referring to both the Act and the Occupational Disease Disablement Law, we said, for the worker who wins, Sections 52–1–35(B) and 52–3–24(B) provide for costs to be awarded, but only under the terms of the statute.

For the losing claimant, we said the statutes governing discovery protect against the expense of discovery that is ordered by the court. *See* § 52–1–34 and NMSA 1978, § 52–3–23 (Orig.Pamp.). Unlike the cost statutes, which are discretionary, we added that there is no discretion in the payment of costs under the discovery statutes.

We upheld the assessment of Dr. Johnson's witness fee against the claimant on the basis that, in the absence of a specific order authorizing the deposition of Dr. Johnson, Section 52–3–23 provides no authority for shifting his expert witness fee to the defendant, citing *Soliz v. Bright Star Enterprises,* 104 N.M. 202, 718 P.2d

1350 (Ct.App.1986). Dr. Johnson had been deposed by claimant.

With respect to Dr. Wills, who was deposed by the defendant under subpoena, we upheld the assessment of this expert's fee against the claimant under Section 52–3–24(B), the statute that is substantially the same as Section 52–1–35(B), before us today. In affirming the award of the expert witness fee for Dr. Wills, we relied on *Goolsby* for the proposition that the trial court may assess against a claimant, as costs, the fees of expert witnesses who testify for the defense under subpoena. Because Section 52–3–23 did not preclude an award of costs against the claimant, and because the deposition was not specifically ordered by the court, as required by statute, this court affirmed the award of costs against the claimant.

That is what the district court did in the case before us, and employer urges us to affirm here as we did in *Chadwick*. We decline. As noted, *Goolsby* was dicta and did not provide any analysis; it only cited to the statute. *Chadwick* relied on this dicta and likewise did not consider the Act as a whole to ascertain if it applied equally to worker and employer. Moreover, there is no indication this court was called upon to make that examination in *Chadwick*.

We have done so here and conclude Section 52–1–35(B) does not authorize the assessment of expert witness fees against a losing worker, even if the witness testifies under subpoena. To hold otherwise, we believe, would seriously impair the statutory scheme and underlying philosophy of the Act to provide an injured worker a simple, expeditious, and cost-free means of recovering benefits resulting from an accidental injury. If faced with assessments of the employer's costs, injured workers might be reluctant to pursue legitimate claims. Further, the district court is provided the means of controlling costs so that workers with spurious claims will not saddle employers with needless costs. *See* § 52–1–34 (order for discovery based on good cause determination that evidence will probably be material to the issues);

§ 52–1–35(B) (court may order payment of reasonable fees for expert witness whose examination of claimant, report, or trial attendance is determined by the court to be reasonably necessary).

To the extent *Goolsby* and *Chadwick* hold otherwise, they are not to be followed. We reverse award of costs in favor of employer and affirm the judgment in all other respects.

■ Worker argues that she is entitled to an award of attorney fees for the services of her attorney on appeal. Employer points out that worker is not entitled to an award of attorney fees unless she is awarded compensation or medical or related benefits. *See Witt v. Marcum Drilling Co.,* 73 N.M. 466, 389 P.2d 403 (1964); *Montoya v. Anaconda Mining Co.,* 97 N.M. 1, 635 P.2d 1323 (Ct.App.1981); *Willcox v. United Nuclear Homestake Sapin Co.,* 83 N.M. 73, 488 P.2d 123 (Ct.App.1971). Worker argues that even though she has not received compensation or related benefits, her attorney has saved her money she would otherwise have had to pay, which is an economic benefit. We recognize that obtaining an economic benefit has, in the past, been recognized as a sufficient basis for an award of attorney fees on appeal. *See, e.g., Mann v. Board of County Comm'rs,* 58 N.M. 626, 274 P.2d 145 (1954); *Graham v. Presbyterian Hosp. Center,* 104 N.M. 490, 723 P.2d 259 (Ct.App.1986). However, in both those cases, it appears that the claimant had obtained compensation or related benefits in the trial court. Worker has not cited any authority in support of her argument that this court can award attorney fees to a claimant who has not recovered compensation or related benefits either below or on appeal. Accordingly, we will not consider the issue. *In re Adoption of Doe,* 100 N.M. 764, 676 P.2d 1329 (1984).

Reversed and remanded.

IT IS SO ORDERED.

ALARID, C.J., and APODACA, J., concur.

## APPENDIX
### WORKERS' COMPENSATION FEE/COST COMPARISON

| | Original | 1983 Supp. | 1986 | 1987 |
|---|---|---|---|---|
| FILING FEE [1] | 52–1–35(B).  No fee. | 52–1–35(B).  No fee. | 52–5–7(F).  No fee. | 52–5–7(F).  No fee. |
| DISCOVERY | 52–1–34.  D pays if ct. orders discovery, even if P unsuccessful. | 52–1–34.  D pays if ct. orders discovery, even if P unsuccessful. | 52–5–7(F).  Good cause req't.  D pays, even if P unsuccessful. | 52–5–7(F).  Good cause req't.  D pays, even if P unsuccessful. |
| TRIAL WITNESS | 52–1–35(B).  Clerk may assess fees for witnesses who testify under subpoena. Where exam ordered by ct., ct. may assess fees for medical witness against D. | 52–1–35(B).  Clerk may assess fees for witnesses who testify under subpoena. Where exam rsb'ly nec., HO [2] may assess fees for expert witness. | 52–5–7(F).  Clerk may assess fees for witnesses who testify under subpoena. Where exam necessary, HO may assess fees for expert or VR [3] witness against D. | 52–5–7(F).  Clerk may assess fees for witnesses who testify under subpoena. Where exam nec., HO may assess fees for expert witness against D. |
| ATT'Y FEES | 52–1–54(C), (D), (E).  D pays if P successful. | 52–1–54(C), (D), (E).  D pays if P successful. | 52–1–54(H).  P pays his own fees, with a few exceptions. | 52–1–54(H).  P pays 25%.  D pays 75%. |
| FEES ON APPEAL | 52–1–39(B).  No fee for P. | 52–1–39(B).  No fee for P. | 52–5–8(C).  No fee for P. | 52–5–8(C).  No fee for P. |

1 "No costs shall be charged, taxed or collected by the clerk [or hearing officer] except for fees for witnesses who testify under subpoena." § 52–1–35(B) (Orig.Pamp.).

2 Hearing officer.

3 Vocational rehabilitation.