488 P.2d 123

Gene E. **WILLCOX**, Plaintiff-Appellant,

v.

**UNITED NUCLEAR HOMESTAKE SAPIN COMPANY**, Successors to Homestake Sapin Partners and Argonaut Insurance Company, Defendants-Appellees.

No. 624.

Court of Appeals of New Mexico.

Aug. 6, 1971.

Robert H. McBride, J. E. Casados, Casados & McBride, Albuquerque, for plaintiff-appellant.

Joseph J. Mullins, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for defendants-appellees.

## OPINION

SUTIN, Judge.

This is an appeal by Willcox from a judgment in a workman's compensation claim. The trial court awarded Willcox $1,462.50 for disability of 25% of the leg between the knee and ankle pursuant to § 59–10–18.4, subd. A(31), N.M.S.A.1953 (Repl. Vol. 9, pt. 1). Willcox claims additional compensation based upon a finding of partial bodily impairment. Defendants have cross-appealed on the allowance of attorney fees to Willcox after an alleged timely offer was made by defendants under § 59–10–23(D), N.M.S.A.1953 (Repl. Vol. 9, pt. 1). We affirm.

No claim is made that the trial court's findings are not supported by substantial evidence. The trial court found that plaintiff suffered an injury and was entitled to compensation for disability under the scheduled injury section of our workmen's compensation law. Section 59–10–18.4, subd. A(31), N.M.S.A.1953 (Repl. Vol. 9, pt. 1). In addition, the trial court found:

2. Although he returned to his work as a miner on July 5, 1968, the plaintiff continues to suffer pain in his ankle, limps, and this limp causes the plaintiff to suffer pain in the low back.

3. The Court finds, as a matter of medical probability, that, as a result of the injuries sustained by plaintiff, he has had an impairment of the body as a whole of 30 per cent, since the injury to the right lower leg and ankle interfere with the efficiency of the entire body of the plaintiff.

4. Notwithstanding the Court's Finding No. 3, the plaintiff is still able to perform fully the usual tasks of the work of a miner which he was performing at the time of his injury and is able to perform fully work for which he is fitted by age, education, training, general physical and mental capacity, and previous work experience.

Plaintiff asserts there is a conflict between findings 3 and 4. He claims: " * * * general body impairment caused by the scheduled injury should be compensable according to the percentage of impairment whether the disability be greater or less. * * * " Because he has a 30% impairment of the body as a whole, he claims he is entitled to compensation of 30% of total disability regardless of whether he has a partial disability as defined in § 59–10–12.19, N.M.S.A.1953 (Repl. Vol. 9, pt. 1, Supp.1969).

The New Mexico Supreme Court has held that a workman is not limited to compensation under the scheduled injury section, where, in addition to disability resulting from the scheduled injury, "there is evidence of separate and distinct impairment to other parts of the body." Montoya v. Sanchez, 79 N.M. 564, 446 P.2d 212 (1968), and cases therein cited. The fact that compensation is not limited to the scheduled injury section does not, however, mean that compensation outside the scheduled injury section is to be awarded on the basis of physical impairment. Compensation, apart from the scheduled injury section, is based on disability. See §§ 59–10–18.2 and 18.3, N.M.S.A.1953 (Repl. Vol. 9, pt. 1, Supp.1969). Disability is defined in §§ 59–10–12.18 and 12.19, N.M.S.A.1953 (Repl. Vol. 9, pt. 1, Supp. 1969). "Physical impairment" does not automatically equate with "disability" under the above statutes. Compare Rayburn v. Boys Super Market, Inc., 74 N.M. 712, 397 P.2d 953 (1964).

The trial court found a 30% physical impairment to the body as a whole. However, it also found that plaintiff did not suffer a "partial disability." Compare Finding No. 4 with § 59–10–12.19, supra. Not having established a "disability," plaintiff was not entitled to compensation outside the scheduled injury section. This result is consistent with New Mexico Supreme Court decisions involving a sched-

uled injury and compensation outside the scheduled injury sections. Where such compensation has been upheld, there was more than physical impairment; there was disability. See Quintana v. Trotz Construction Company, 79 N.M. 109, 440 P.2d 301 (1968); Yanez v. Skousen Construction Company, 78 N.M. 756, 438 P.2d 166 (1968); Webb v. Hamilton, 78 N.M. 647, 436 P.2d 507 (1968); Baker v. Shufflebarger & Associates, Inc., 78 N.M. 642, 436 P.2d 502 (1968); Casados v. Montgomery Ward & Co., 78 N.M. 392, 432 P.2d 103 (1967).

The trial court's findings are not in conflict. The trial court properly refused to award compensation outside the scheduled injury section.

The defendants on cross-appeal contend they made a timely offer of $1500.00 in settlement and, therefore, Willcox was not entitled to an attorney fee of $750.00 awarded by the trial court. The trial court found that a timely, written offer was made in compliance with § 59–10–23(D), N.M.S.A.1953 (Repl. Vol. 9, pt. 1), but, nevertheless, the court found that Willcox was required to employ attorneys to represent him in the prosecution of the claim, and $750.00 was a reasonable attorney fee.

 The above statute provides for attorneys fees where compensation is collected in court proceedings in excess of the amount offered in writing thirty *days* or more *prior* to trial. The record shows that the offer was made March 3, 1970. The trial took place April 2, 1970. The day of March 3, is not to be included. The last of the 30 days shall be included. Section 21–1–1(6) (a), N.M.S.A.1953 (Repl. Vol. 4); § 1–2–2(G), N.M.S.A.1953 (Repl. Vol. 1). The day prior to trial would be April 1, 1970. The offer was made 29 days *prior* to trial, not 30 days. A timely offer of settlement was not made. The finding of the trial court is in error, but the conclusion of the trial court is sustained. Willcox was entitled to a reasonable attorney fee.

The judgment of the trial court is affirmed on the issue of attorney fees allowed Willcox in the district court trial.

 Willcox claims attorney fees on this appeal if he won the appeal proper or the cross-appeal. Inasmuch as he received no additional compensation, he is not entitled to attorney fees on his appeal. Sisneros v. Breese Industries, Inc., 73 N.M. 101, 385 P.2d 960 (1963). He has successfully defended against the cross-appeal and is entitled to an attorney fee for such services. Kendrick v. Gackle Drilling Company, 71 N.M. 113, 376 P.2d 176 (1962); Brannon v. Well Units, Inc., 82 N.M. 253, 479 P.2d 533 (Ct.App.1970). Since the issue on cross-appeal was not complex and neither extensively briefed nor argued, plaintiff is entitled to $250.00 for the services of his attorney on the cross-appeal.

The judgment of the trial court is affirmed, and Willcox is awarded the sum of $250.00 attorney fees on defeating defendants' cross-appeal.

It is so ordered.

WOOD, C. J., and HENDLEY, J., concur.