495 P.2d 800

Joe PACHECO, Plaintiff-Appellant,

v.

SPRINGER CORPORATION, a corporation, and Firemen's Fund American Insurance Company, Defendants-Appellees.

No. 787.

Court of Appeals of New Mexico.

March 17, 1972.

---

Quincy D. Adams, Adams & Foley, Horton & Aldridge, Albuquerque, for plaintiff-appellant.

Dennis J. Falk, James A. Parker, Allen C. Dewey, Jr., Modrall, Sperling, Roehl, Harris & Sisk, Albuquerque, for defendants-appellees.

OPINION

COWAN, Judge.

The plaintiff has appealed from the judgment in this workman's compensation case. We affirm.

Plaintiff was struck in the groin while at work on April 15, 1969, resulting in the loss of a testicle. He was paid maximum compensation through January 3, 1970. He was treated or examined by a general surgeon, a urologist and a psychiatrist, all three of whom testified as plaintiff's witnesses at the trial.

The court awarded plaintiff compensation and medical theretofore paid by the defendant insurer; 25% partial disability from January 4, 1970, to March 23,

1971; and attorney's fees. Plaintiff now urges that "The court should have awarded compensation for partial permanent [sic] disability", thus invoking the substantial evidence rule. The court's findings at issue here are:

"11. Plaintiff was disabled to the extent of 25% of the body as a whole, and the duration thereof was from January 4, 1970 to March 23, 1971, a period of 63 weeks.

"12. Plaintiff is presently capable of performing the usual tasks of employment in which he was engaged on April 15, 1969, including that in which he previously engaged in other employment and for which he is suited by age, education, training, and general physical and mental capacity."

The first day of trial was held July 10, 1970, at which time the three doctors testified. Trial was then recessed until March 23, 1971, at which time the urologist, Dr. Johnson, was recalled by the plaintiff.

The surgeon agreed that, on October 10, 1969, there was no basis, either emotional or physical, why the plaintiff should not have returned to work. He felt the plaintiff had no disability.

The urologist, the only one of the three doctors to have seen the plaintiff after the day of trial on July 10, 1970, testified that he saw the plaintiff on March 22, 1971, and that the plaintiff was fully recovered and physically able to work. He said the plaintiff had had some recurring pain during the previous two years, but that exploratory surgery and removal of some nerve and muscle fibers corrected this condition. He testified to no residual physical disability but stated that there were times in the past when the plaintiff would have had difficulty working.

The psychiatrist, Dr. Taylor, testified that, as of December 2, 1969 and February 6, 1970, the plaintiff had 30% disability "from a psychiatric standpoint". He also described this as a disability "from an emotional standpoint". Dr. Taylor diagnosed the plaintiff's condition as depressive neurosis, characterized by "irritability, questionable impotency, low self esteem, and a distortion of his body image".

The concern of the doctor was with the plaintiff's mental condition from the standpoint of sexual disability, rather than from the standpoint of a disability to work. He did not relate the plaintiff's emotional problem to his working ability, except to say that "he is going to have some difficulty with his anxiety spells". To the contrary, it was Dr. Taylor's opinion that working would be therapeutic and helpful.

The challenged findings are thus supported by the evidence.

■ A claim for compensation for partial disability is properly denied where there is a failure to establish that the claimant has been to some percentage-extent disabled as defined by § 59–10–12.19 of the Act. Gallegos v. Kennedy, 79 N.M. 590, 446 P.2d 642 (1968).

■ Compensation, apart from the scheduled injury section, which does not apply here, is based on disability to work, and a physical impairment is not necessarily a "disability" under the statute. Willcox v. United Nuclear Homestake Sapin Co., 83 N.M. 73, 488 P.2d 123 (Ct.App. 1971). The same is true of a mental or psychiatric impairment. To entitle an injured workman to compensation, impairment is not enough; there must be disability. The court found that the plaintiff was not disabled and the finding is supported by the evidence.

The judgment is affirmed.

It is so ordered.

WOOD, C. J., and HENDLEY, J., concur.