544 P.2d 1180

**Frank MEDINA, Plaintiff-Appellant,**

v.

**The ZIA COMPANY, Employer and United States Fidelity and Guaranty Company, Insurer, Defendants-Appellees.**

**No. 1897.**

Court of Appeals of New Mexico.

Nov. 25, 1975.

Rehearing Denied Dec. 9, 1975.

Certiorari Denied Jan. 15, 1976.

**616**

Patrick A. Casey, Bachicha, Corlett & Casey, P.A., Santa Fe, for plaintiff-appellant.

John B. Pound, Montgomery, Federici, Andrews, Hannahs & Buell, Santa Fe, for defendants-appellees.

OPINION

SUTIN, Judge.

Plaintiff appeals an adverse judgment in a workman's compensation case growing out of a hernia injury. We affirm.

A. *The trial court applied the proper legal test.*

Plaintiff contends the district court failed to apply the proper legal test of total and partial disability under §§ 59–10–12.18 and 59–10–12.19, N.M.S.A. 1953 (2d Repl. Vol. 9, pt. 1).

These sections read as follows:

*Total disability.*—As used in the Workmen's Compensation Act [59–10–1 to 59–10–37], "total disability" means a condition whereby a workman, by reason of an injury arising out of, and in the course of, his employment, is wholly unable to perform the usual tasks in the work he was performing at the time of his injury, and is wholly unable to perform any work for which he is fitted by age, education, training, general physical and mental capacity, and previous work experience.

*Partial disability.*—As used in the Workmen's Compensation Act [59–10–1 to 59–10–37], "partial disability" means a condition whereby a workman, by reason of injury arising out of and in the course of his employment, is unable to some percentage-extent to perform the usual tasks in the work he was performing at the time of his injury and is unable to some percentage-extent to perform any work for which he is fitted by age, education, training, general physical and mental capacity and previous work experience.

The definition of total and partial disability under these sections contain two tests: (1) the workman must be totally or partially unable to perform the work he was doing at the time of the injury, AND, (2) the workman is wholly or partially unable to perform ANY work for which he is fitted. *Quintana v. Trotz Construction*

*Company,* 79 N.M. 109, 440 P.2d 301 (1968).

The trial court's findings, based upon substantial evidence, show: (1) plaintiff was partially *unable* to perform the work he was doing at the time of the injury due to the fact that plaintiff could no longer lift heavy objects, AND, (2) plaintiff was wholly *able* to perform the existing work, available to him at The Zia Company, his employer, for which he was fitted and qualified. Based upon this finding, the trial court denied plaintiff workmen's compensation.

■ The question for decision is: If a workman is partially unable to perform the work he was doing at the time of injury because of weight lifting limitations, but is totally able to perform work for which he is fitted and does not return to work, is the workman entitled to compensation?

This question is a matter of first impression. We answer the question as "No", for two reasons:

■ *First,* it is now established that the primary test for disability is the capacity to perform work. *Adams v. Loffland Brothers Drilling Company,* 82 N.M. 72, 475 P.2d 466 (Ct.App.1970). For a history of the "disability" sections of the Workmen's Compensation Act, see *Quintana v. Trotz Construction Company,* supra. Here, Justice Moise wrote:

> Without any evident purpose to in any way alter the desirable objectives of workmen's compensation insurance, the 1963 amendment of the 1959 definition *changed the primary test of disability from wage-earning ability to capacity to perform work* as delineated in the statute. [Emphasis added]. [79 N.M. at 111, 440 P.2d at 303].

Under the doctrine of "capacity to perform work", we are not concerned with the physical injury itself. In this case it is a satisfactorily repaired hernia. Under the second test set forth in the beginning of this opinion, plaintiff must establish that the injury totally or partially prevented

him from doing ANY work for which he was fitted. Plaintiff did not comply with this test when he was fit to do the work, but, instead, he leaves his work, goes home, and does not return to work.

*Second,* the tests stated in the disability statutes are divided by the word "and". *Quintana v. Trotz Construction Company,* supra, states: ". . . it is quite evident that the legislature adopted as the tests for total disability, (1) complete inability 'to perform the usual tasks in the work he was performing at the time of his injury'; and (2) absolute inability 'to perform any work for which he is fitted by age, education, training, general physical and mental capacity, and previous work experience.'" Compare *Willcox v. United Nuclear Homestake Sapin Co.,* 83 N.M. 73, 488 P.2d 123 (Ct.App. 1971) where the claimant could perform under both tests, and *Gallegos v. Duke City Lumber Co., Inc.,* 87 N.M. 404, 534 P.2d 1116 (Ct.App. 1975) where the claimant could perform under neither test. Plaintiff must establish that he was totally or partially unable to perform the work he was doing at the time of the injury. In addition thereto, he must establish that he was totally or partially unable to perform ANY work for which he was fitted. Plaintiff did not establish both tests.

Plaintiff earned about $114 per week at the time of the injury. Although he suffered some physical handicap from the injury, he was wholly able to perform the work for which he was fitted after recovery from the hernia operation, and at the same wage.

B. *The trial court's findings were sustained by substantial evidence.*

■ Plaintiff contends that the two crucial findings of the trial court are not sustained by sufficient evidence. The trial court found:

> 4. The Plaintiff is presently able to perform his usual and customary duties as a manual laborer, . . . not involving the lifting of heavy objects, all of

which he is fitted for by age, education, training, previous work experience and physical condition.

5. There is available to Plaintiff, existing work of the nature and type for which the Plaintiff is fitted to perform by reason of his education, training and previous work experience and physical condition.

Plaintiff, 64 years of age, was employed by The Zia Company on a seasonal basis for over 17 years. He worked in the spring and summer months and terminated his employment in the autumn and fall season when gardening and manual labor needs of his employer slackened.

On April 23, 1973, the time of the accident, plaintiff was educated through the sixth grade, and was experienced in doing work as a manual laborer, general farm laborer, gardening, watering, tree pruning, maintaining yards and lawns and similar tasks.

On April 25, 1973, plaintiff returned to work with The Zia Company and performed light duty work on lawns until September 24, 1973, when he entered the hospital to undergo corrective surgery to repair his hernia. He was discharged September 30, 1973. His hernia was repaired and healed in a satisfactory manner. He was advised not to lift anything over 25 pounds. After plaintiff was thus medically advised, he was also assigned light work on lawns. He worked a full eight-hour day satisfactorily. He was discharged from further medical treatment on October 29, 1973. No future medical care or treatment was anticipated. Plaintiff was paid compensation benefits through November 25, 1973, and defendants have paid all medical costs and expenses of plaintiff.

Plaintiff's supervisor testified that plaintiff only worked in the summertime and his work was lawn work. This light work was available to plaintiff if he had returned to his job.

After discharge from the hospital September 30, 1973, plaintiff never returned to work.

There was substantial evidence to support the two findings of the trial court, as well as all of the court's findings.

Plaintiff makes strong arguments on his inability to do heavy lifting, the testimony of his expert witnesses, the permanency of his hernia handicap, his robustness prior to the injury, his previous work experience, and the claimed uncontradicted evidence. Once again, we must remind appellant that a long-standing rule exists on appeal. In *Worthey v. Sedillo Title Guaranty, Inc.,* 85 N.M. 339, 341, 512 P.2d 667, 669 (1973), the Supreme Court said:

> Only the trier of the facts may weigh the evidence, determine the credibility of the witnesses, reconcile inconsistent or contradictory statements of a witness or of witnesses, and decide where the truth lies.

C. *Trial court's consideration of medical deposition not error.*

■ The plaintiff claims reversible error because the trial court considered medical depositions which were not properly before it. The depositions were not introduced into evidence. They were filed in the clerk's office, and the defendants' attorney handed them to the trial court.

On July 12, 1974, three days before trial, the defendants moved for an order allowing them to take the deposition of one doctor who was out of the country and would return at the end of July, 1974. At the close of trial on July 15, 1974, defendants desired to take the deposition of an additional doctor. After some discussion, plaintiff's attorney said: "I do not care if he does take the deposition, that is fine with me." The trial court set the plan for the presentation of this evidence and rebuttal testimony. A recess was declared. On July 17, 1974, the court entered its order that the depositions be taken on August 5, 1974 and later extended to August 15, 1974. Notice was given to plaintiff. The depositions were filed on September 4, 1974.

On September 10, 1974, plaintiff mailed to defendants a notice that a hearing on final arguments would be held on September

27, 1974. At the time of the hearing on that date, the trial court announced that depositional testimony was submitted for the court's consideration. The court then said:

. . . I believe the matter, gentlemen, before the Court today is closing arguments on the matters that have been presented, is that correct?

[Plaintiff's attorney]: That is correct Your Honor.

After closing argument, the court requested findings of fact and conclusions of law. He then announced that since he permitted defendants to take the depositions, he wished to go over them "a little more carefully . . . . Are there any other matters gentlemen?"

[Plaintiff's attorney]: No, Your Honor.

Plaintiff cannot complain. *First,* no objection was made to the use of the depositions as evidence by the trial court. This matter cannot be raised for the first time on appeal. *Second,* the plaintiff did not object to the trial court receiving the depositions in evidence. Section 21-1-1(26)(a), N.M.S.A. 1953 (Repl.Vol. 4). *Third,* plaintiff relied on a part of one of the depositions. He pointed to nothing in the depositions which, he claims, the court considered and relied upon in reaching his findings of fact. *Fourth,* he pointed to nothing in the depositions which we might consider as prejudicial error. *Fifth,* without objection, plaintiff waived his claim of error. Plaintiff cannot stand silently beside the case after the decision is rendered and claim error.

There being sufficient competent evidence to support the findings and judgment, the admission of incompetent evidence not error. *Martin et al. v. Village of Hot Springs et al.,* 34 N.M. 411, 282 P. 273 (1929).

Affirmed.

It is so ordered.

WOOD, C. J., and HERNANDEZ, J., concur.