575 P.2d 1345

**IDEAL BASIC INDUSTRIES, INC., Petitioner,**

v.

**J. C. EVANS, Respondent.**

**No. 11802.**

Supreme Court of New Mexico.

March 16, 1978.

R. H. Blackman, Carlsbad, for petitioner.

Jay W. Forbes, Roger E. Yarbro, Carlsbad, for respondent.

OPINION

FEDERICI, Justice.

This suit was brought in the District Court of Eddy County under the Workmen's Compensation Act for total disability

benefits. The district court entered a judgment for plaintiff-appellant (hereafter plaintiff) finding fifty percent (50%) of total disability. Plaintiff appealed, claiming that the trial court should have held that he had 100% disability (total disability). The Court of Appeals reversed the district court and held that the plaintiff was totally disabled. The defendant-appellee (hereafter defendant), plaintiff's employer, filed a petition for writ of certiorari in this Court, which writ was granted, and this opinion follows. The primary issue on appeal is the degree of permanent disability which should have been allowed plaintiff.

The only medical evidence introduced at the trial was the testimony of Dr. Dunn, plaintiff's physician, who testified that in his opinion plaintiff had 30% of total disability. The trial court's finding of fact as to plaintiff's degree of disability is as follows:

20. Notwithstanding the disability of 30 percent permanent medical disability of claimant's condition by Dr. Dunn, the Court feels from the evidence in the case that the disability of the Plaintiff should be 50 percent permanent total disability due to his age and his education and training and previous work experience that he is able to perform at least 50 percent capacity.

There is testimony in the record that plaintiff could not stoop or bend or do heavy lifting more than about two hours per day, which impaired his ability to perform work for which he was fitted by age, education, training, general, physical and mental capacity, and previous work experience.

The Court of Appeals, in holding that the plaintiff had 100% total disability, stated:

Although there was testimony that plaintiff could work if the amount of bending and stooping he had to do were severely restricted, there was no evidence that there was any work of this type reasonably available to a man of plaintiff's age and medical history, with no training except as a journeyman electrician. Without such other evidence, the doctor's testimony does not constitute substantial evidence that plaintiff was only partially disabled under the statute.

It is settled in this jurisdiction that the determination of partial or total disability under our laws is for the fact finder. *Roybal v. County of Santa Fe*, 79 N.M. 99, 440 P.2d 291 (1968). Notwithstanding that a percentage figure opinion by a medical expert may be disregarded by the trial court if there is other evidence to the contrary, *Casaus v. Levi Strauss & Co.*, 90 N.M. 558, 566 P.2d 107 (Ct.App.1977), opinion testimony of a medical expert may nonetheless be considered as substantial evidence upon which a finding of the extent of disability can be made. *Roybal v. County of Santa Fe, supra; Ortega v. New Mexico State Highway Department*, 77 N.M. 185, 420 P.2d 771 (1966); *Casaus v. Levi Strauss & Co., supra.*

The determination of the degree of disability in workmen's cases is generally a matter for the trial court, and absent misapplication of the law or a lack of substantial evidence, an appellate court should not substitute its judgment for that of the trial court. Accordingly, the Court of Appeals is reversed and the judgment of the trial court is affirmed on the issue of the degree of permanent disability which should have been allowed plaintiff.

On the other hand, we also hold that the trial court erred in not awarding plaintiff reasonable future medical expenses, beyond the date of the last termination of compensation payments on May 12, 1975. Section 59-10-19.1, N.M.S.A.1953 (Repl. 1974); *Garcia v. Genuine Parts Co.*, 90 N.M. 124, 560 P.2d 545 (Ct.App.1977), *cert. denied*, 90 N.M. 254, 561 P.2d 1347 (1977).

Plaintiff sustained the injury involved in this action on June 26, 1973. We note that the statutory maximum award for total disability prior to July 1, 1973, was $57.00 per week for 500 weeks. Ch. 261, § 3, 1971 N.M.Laws 952 [superseded by Ch. 240, § 5, 1973 N.M.Laws 926 and § 59-10-18.2, N.M.S.A.1953 (Supp.1975)]. Having been found injured to the extent of 50% of total disabil-

ity, plaintiff is entitled to a maximum recovery of $28.50 per week for 500 weeks. Ch. 252, § 2, 1965 N.M.Laws 738; § 59–10–18.3, N.M.S.A.1953 (Repl.1974).

This cause is remanded to the District Court of Eddy County for further proceedings consistent with this opinion. Each party shall bear its own attorney's fees on appeal.

IT IS SO ORDERED.

McMANUS, C. J., and SOSA, EASLEY and PAYNE, JJ., concur.