610 P.2d 1199
**Delfido ANAYA, Petitioner,**

v.

**NEW MEXICO STEEL ERECTORS, INC. and Transamerica Insurance Company, Insurer, Respondents.**

**No. 12756.**

Supreme Court of New Mexico.

May 5, 1980.

James E. Thomson, Santa Fe, for petitioner.

Sommer, Lawler, Scheuer & Simons, Joseph A. Sommer, Santa Fe, for respondents.

## OPINION

EASLEY, Justice.

New Mexico Steel Erectors and its workmen's compensation insurance carrier (Erectors) appealed to the Court of Appeals the trial court's award of fifty per cent permanent-partial disability to Anaya. The Court of Appeals reversed. We granted certiorari and we now reverse the Court of Appeals.

We must first determine what is meant by the provision in our Workmen's Compensation Act (§§ 52–1–1, *et. seq.*, N.M.S.A. 1978) which requires that a workman must be "unable to some percentage-extent to perform any work for which he is fitted," (§ 52–1–25, N.M.S.A.1978) before he is considered disabled and thereby qualify to receive benefits. We inquire next whether there is substantial evidence to support the finding that Anaya was fifty per cent disabled.

Anaya has a high school education; his only skill or training is that of a manual laborer and a construction ironworker. His job with Erectors involved climbing, lifting heavy objects and using cumbersome iron tools. He is right-handed. He suffered a traumatic blow to his right elbow in the course of his employment. He was hospitalized for two weeks and was out of work

for four months. Medical testimony showed that he has lost partial use of his right arm and hand, that he will always have some amount of pain and that he will never be able to do the type of heavy construction he did before his accident. He is presently doing lighter maintenance-type construction work at a slightly decreased wage.

The Court of Appeals examined Section 52–1–25, which provides two conditions for establishing partial disability. Both the trial court and the Court of Appeals agreed that Anaya established the first condition: his inability "to some percentage-extent to perform" the usual task he was performing at the time of his injury. The trial court also found that Anaya had established, by medical testimony, the second condition: his inability "to some percentage extent to perform" any work for which he is fitted.

The Court of Appeals held that Anaya had failed this second test because he had not established that he was prevented from "doing *any* work for which he was fitted." (Emphasis supplied by the Court of Appeals.) Apparently, since Anaya is now employed, the Court of Appeals reasoned that he is able to perform *some* work and that, therefore, he is not partially disabled. That court relied on *Aranda v. Mississippi Chemical Corp.*, 93 N.M. 412, 600 P.2d 1202 (Ct. App.1979), and stated that Anaya was not partially disabled because his current employment approximated "the same livelihood the workman might be expected to follow in view of his circumstances and capabilities."

The Court of Appeals also relied upon *Medina v. Zia Company*, 88 N.M. 615, 544 P.2d 1180 (Ct.App.1975), *cert. denied,* 89 N.M. 6, 546 P.2d 71 (1975), for the bald proposition that a workman is not disabled if he is able to perform *any* work. *Medina* does not lay out this unequivocal rule. Further, it is distinguishable on its facts from the case here. *Medina* was sixty-four years old and had done seasonal work involving gardening, watering, and general farm labor for seventeen years. After his accident, he had continued to do light garden work until a hernia operation, after which he voluntarily chose to retire and not to

return to work. The Court óf Appeals in *Medina* emphasized the fact that Medina chose not to return to work; and the court appeared to use this fact as the basis for denying him disability benefits. In addition, Medina was able to perform most of the same kind of work he had done before: gardening.

In the instant case, Anaya is not performing most of the same kind of work he was doing before his injury. Heavy construction and iron work is not the type of work he is presently performing, i. e., light construction and maintenance. Anaya is "fitted" to perform his present job because of his experience and skills. In fact, his present work includes *some* of the same type of work that he did before his accident. But, his disability prevents him from performing *all* of the work for which he is fitted by his experience and skills: heavy construction and iron work.

What the Legislature intended to convey by the use of the phrase "unable . . . to perform any work for which he is fitted" in Section 52-1-25 is less than crystal clear. Applying this vague terminology to the facts in past cases has created a huge headache for lawyers and judges alike since Section 52-1-25 was enacted in 1965. This statute has been a profligate source of litigation. It is a critical commentary on our inattention to the system that lawyers, judges, management and labor have not prevailed on the Legislature to clarify this most troublesome provision.

■■ In determining the intent of the Legislature in this regard, we must examine the Workmen's Compensation Act in its entirety. This Act makes it clear that its purpose is to provide a humanitarian and economical system for compensating injured workmen, *Graham v. Wheeler*, 77 N.M. 455, 423 P.2d 980 (1967), while being fair to the employer. The Act is to be liberally interpreted in favor of the workman. *Transport Indemnity Company v. Garcia*, 89 N.M. 342, 552 P.2d 473 (Ct.App. 1976), *cert. denied*, 90 N.M. 9, 558 P.2d 621 (1976). But an unreasonable or strained construction is proscribed. *See Clark v.*

*Electronic City*, 90 N.M. 477, 565 P.2d 348 (Ct.App.1977), *cert. denied*, 90 N.M. 636, 567 P.2d 485 (1977). If specific guidance cannot be gleaned from the text of the Act, fundamental fairness to both parties is the guideline. *Transport Indemnity Company v. Garcia, supra.* These maxims do not mean a total disregard for the Workmen's Compensation Act or a repeal of it under the guise of construction. *Security Trust v. Smith*, 93 N.M. 35, 596 P.2d 248 (1979).

■ Impairment of physical function is not enough to justify an award under our Workmen's Compensation Act; there must be some disability, or inability, to perform work. *Pacheco v. Springer Corporation*, 83 N.M. 622, 495 P.2d 800 (Ct.App.1972). "Physical impairment" does not automatically equate with "disability". *Willcox v. United Nuclear Homestake Sapin Co.*, 83 N.M. 73, 488 P.2d 123 (Ct.App.1971). There must be some proof that the employee's wage-earning ability has been decreased. *Gallegos v. Kennedy*, 79 N.M. 590, 446 P.2d 642 (1968).

With these general principles in mind, we examine a number of cases that have addressed the meaning of "any work for which he is fitted": *Aranda v. Mississippi Chemical Corp., supra; Barger v. Ford Sales Company, Inc.*, 89 N.M. 25, 546 P.2d 873 (Ct.App.1976), *cert. denied*, 89 N.M. 206, 549 P.2d 284 (1976); and *Cordova v. Union Baking Company*, 80 N.M. 241, 453 P.2d 761 (Ct.App.1969). None of these cases construe this phrase in the manner that the Court of Appeals did here, i. e., that a workman is not disabled if he can perform *any* work. Rather, these cases uniformly construe this phrase to mean that a workman is disabled if he cannot perform *some or all the work* for which he is fitted by reason of the various factors listed in the statute.

In *Aranda*, relied upon by the Court of Appeals, the plaintiff was injured at his job in a mine. The injury prevented him from doing that type of work any longer and he got a sedentary job as a credit manager. Even though the plaintiff in *Aranda* had a

*job* for which he was fitted, he was unable to perform *all* of the type of work he had done before. The Court of Appeals there stated:

> "ANY work" for an engineer, plant foreman, department head or mine employee who labors in production does not mean such sedentary work or activity such as that of a janitor, filling station attendant, raker of leaves, one who can sell pencils or 25 other sedentary jobs. "ANY work" means a workman's ordinary employment, or such other employment, if any, approximating the same livelihood the workman might be expected to follow in view of his circumstances and capabilities. To conclude that an electrical engineer is partially disabled because he is capable of raking leaves or performing janitorial services destroys the spirit of the Workmen's Compensation Act. He has no other skills or training to draw upon. Total disability does not mean that a workman must be a helpless invalid.

*Id.* at 416, 600 P.2d at 1206.

It is difficult for our trial judges to decide these cases under the best of circumstances, considering the skimpy statutory guidelines. Establishing well-defined general rules has eluded our courts and we must examine the facts on a case-by-case basis.

In the case at hand, we hold that it is a strained and unreasonable construction of the Workmen's Compensation Act to say that Anaya must be incapacitated from doing *any* work, that he must be a "basket-case," before he can qualify for disability benefits. To subscribe to the opposite view would promote the undesirable result of discouraging post-injury employment. *See Maes v. John C. Cornell, Inc.,* 86 N.M. 393, 524 P.2d 1009 (Ct.App.1974).

If Anaya is unable to perform some of the work for which he is fitted, then he is disabled. Until the Legislature furnishes the courts with more definitive guidelines, we must rely heavily on a trial judge to make a decision that is fundamentally fair to both parties when he assesses the percentage of disability of a workman to perform work. The trial court here found that Anaya was "fifty per cent unable to perform the work for which he is suited by age, education, training, experience and physical condition and previous work experience." This finding is supported by substantial evidence.

We reverse the Court of Appeals, reinstate the district court's judgment, including its award of attorney fees, and grant Anaya additional fees of $1,500.00 for the appeal to the Court of Appeals and $500.00 for prosecuting the petition for writ of certiorari in this Court. *See Herndon v. Albuquerque Pub. Schools,* 92 N.M. 287, 587 P.2d 434 (1978).

IT IS SO ORDERED.

SOSA, C. J., and PAYNE, FEDERICI and FELTER, JJ., concur.