630 P.2d 1231

**Herbert A. SCHOBER, Plaintiff-Appellant and Cross-Appellee,**

v.

**MOUNTAIN BELL TELEPHONE, Defendant-Appellee and Cross-Appellant.**

**No. 4383.**

Court of Appeals of New Mexico.

Aug. 7, 1980.

Writ Quashed July 13, 1981.

Anne Kass, Albuquerque, for plaintiff-appellant and cross-appellee.

Ronald Segel, Sutin, Thayer & Browne, P. C., Albuquerque, for defendant-appellee and cross-appellant.

## OPINION

LOPEZ, Judge.

This suit is the result of plaintiff's attempts to secure compensation under the Workmen's Compensation Act, §§ 52–1–1 to 52–1–69, N.M.S.A.1978. Plaintiff, formerly an engineer with Mountain Bell, collapsed at work, in November, 1976 and on January 24, 1977, allegedly as a result of his continued exposure to cigarette smoke in his work area. His recovery from the second collapse took four months, by which time he had lost his job.

The trial court awarded benefits for partial temporary disability. Plaintiff appeals, claiming 1) he has a total and permanent disability and 2) the court's $750 limit on expert witness fees was improper. Mountain Bell cross-appeals the court's conclusions that the accident arose out of Schober's employment, and that Schober was in any way disabled.

Considered in their most logical order, the issues on appeal are: 1) whether there is substantial evidence to support the conclusion that the workman suffers from a disabling allergy; 2) whether the injury suffered by a workman allergic to cigarette smoke who collapsed at work due to his continual exposure to that substance is one arising out of his employment for purposes of the Workmen's Compensation Act; 3) whether the trial court erred in considering that the workman was only temporarily disabled; 4) whether the trial court erred in finding only 30% disability; and 5) whether the court's $750 limitation on expert witness fees recoverable by the plaintiff was proper when the plaintiff's experts had charged him a total of $2,806.08, all of which fees the court found reasonable for necessary and relevant testimony. We affirm the trial court on all issues, except the third one.

Schober's background is in electronics. After completing high school, he received some training in electronics at what is now the Bell and Howell School in Chicago. In 1957 he went to work for AT & T in Chicago as a repairman. He was promoted to the position of engineering associate and became a switching machine expert in 1966. Because of his wife's health, he moved to Albuquerque in 1970 where he obtained a less lucrative job with Mountain Bell as a switching machine repairman. After three years, he was promoted to facility planner, responsible for long range planning of switching capacities in the Albuquerque metropolitan area.

In May of 1977, he was fired for excessive absences. The absences resulted from Schober's collapse at work in January 1977, allegedly due to his allergy to cigarette smoke. He started noticing this allergy when his work area changed from one in which there was relatively little tobacco smoke, because the area housed Mountain Bell's sensitive machinery, to an open office area in which about half the employees smoked. As this discomfort increased, he began consulting physicians. Dr. Wood-

ward, the phone company's physician, recommended that he see Dr. Field, an allergy specialist. Dr. Field determined that Schober was allergic to tobacco smoke, and recommended that he avoid the substance, avoidance being the only treatment known. Eventually, he consulted a psychiatrist, Dr. Hovda, and made three trips to National Jewish Hospital in Denver, all in the hope that someone could cure his allergy. The prescription was the same—avoidance of cigarette smoke. By prohibiting smoking in his home, installing a special filtration system there, and avoiding smoky public places, he could eliminate smoke from his personal environment; but he had no control over it at work where he was subjected to it every day. He offered to install a filter at work if Mountain Bell would provide him with a small enclosed space. They would not do so. In August of 1975, Schober took a demotion from engineering back to the plant in order to get out of the smoky area. By this time, however, he had become so sensitized to cigarette smoke, that even exposure to minute quantities triggered nose, throat, and chest pains. He continued to work until January 24, 1977, when he collapsed for the second time at work and was hospitalized. His first collapse at work was in the preceding November. His second recovery took four months, by which time he had been fired.

Because of the smoke problem, Schober was unable to find a job with electronics or communications firms where he could utilize some of his skills. He finally found a job in February of 1978 at Taro's Gardens, working out-of-doors and in a greenhouse, which paid $4.00 an hour. While there, he learned to install sprinkler systems. In January, 1979, he started his own sprinkler installation business. He now earns approximately $1000 per month from his business, which is seasonal, and operates about six months of the year. His salary with Mountain Bell was approximately $14,500 per year. Were he to return to a smoky environment for an eight hour work day, his condition would deteriorate to the same level it was at the time of his collapse.

1. *Disability from tobacco smoke.*

This court has already decided that an allergic reaction to tobacco smoke which causes a workman eventually to collapse is an accidental injury under the Workmen's Compensation Act. *Schober v. Mountain Bell Telephone*, 93 N.M. 337, 600 P.2d 283 (Ct.App.1978), *cert. quashed*, 92 N.M. 621, 593 P.2d 62 (1979).

Mountain Bell asserts, however, that there is no substantial evidence that tobacco smoke is an allergin. Rather, it is an irritant, which does not permanently alter the tissues of the body. Without some permanent physical alteration, Mountain Bell claims, there is no disability. Although defendant seems to argue the view that there must be permanent physical alteration of body tissues in order to qualify for permanent disability and relies on the North Carolina case of *Sebastian v. Mona Watkins Hair Styling*, 40 N.C.App. 30, 251 S.E.2d 872, *cert. denied*, 297 N.C. 301, 254 S.E.2d 921 (1979), defendant is mistaken in suggesting that such is the law in New Mexico. Even a purely psychological condition, if it results from a work injury, is compensable under our Workmen's Compensation Act. *Ross v. Sayers Well Servicing Co.*, 76 N.M. 321, 414 P.2d 679 (1966); *see, Martinez v. University of California*, 93 N.M. 455, 601 P.2d 425 (1979). There is no requirement that there be a physical tissue change for there to be a compensable disability. The distinction made by Mountain Bell between an allergin and an irritant is irrelevant for the purposes of our Workmen's Compensation Act. The condition of being physically affected by the presence of a certain substance is a permanent condition, if the susceptibility is permanent.

In any event, there is substantial evidence supporting the trial court's finding that Schober suffers from an allergic reaction to tobacco smoke. Substantial evidence is relevant evidence which a reasonable mind accepts as adequate to support the conclusion. *Marez v. Kerr-McGee Nuclear Corp.*, 93 N.M. 9, 595 P.2d 1204, *cert. denied*, 92 N.M. 532, 591 P.2d 286 (1979). The re-

viewing court will consider only the evidence which supports the trial court's findings. *Id.*

■ Mountain Bell further argues that there is not substantial evidence to support the conclusion that the collapse at work on January 24, 1977, was caused by exposure to cigarette smoke. The evidence is, Mountain Bell claims, that it was caused by hyperventilation. We disagree.

Dr. Casebolt, Schober's physician, testified that, although the collapse itself *might* have been due to hyperventilation, the lengthy incapacitation following it indicated that the underlying problem was something else, i. e. an allergy to cigarette smoke. Considering also the unanimous testimony of numerous physicians that Schober suffers a severe reaction to cigarette smoke, we find that the court's conclusion that the collapse resulted from Schober's exposure to cigarette smoke at work is supported by substantial evidence.

2. *Injury arising out of the employment.*

Disability is compensable only if it results from an accidental injury "arising out of" and occurring "in the course of" the worker's employment. Section 52–1–9(C), N.M. S.A.1978. Mountain Bell argues that Schober's collapse was due to idiopathic sensitivity to tobacco smoke and not to any risk inherent in his employment. Consequently, it asserts, the injury did not arise out of the employment.

The question of whether a fall from a motor scooter by a meter reader was an accident arising out of his employment was discussed in *Williams v. City of Gallup,* 77 N.M. 286, 421 P.2d 804 (1966). The court said:

> For an injury to "arise out of" the employment, there must be a showing that the injury was caused by a risk to which the plaintiff was subjected by his employment. The employment must contribute something to the hazard of the [injury]. . . . Compensation has been denied where the risk was common to the public, and where the risk was personal to the claimant. (Cites omitted.)

The difficulty is not in defining the test, but in applying it.

*Id.* at 289, 421 P.2d at 806. *See also, Gutierrez v. Artesia Public Schools,* 92 N.M. 112, 583 P.2d 476 (Ct.App.1978).

In *Berry v. J. C. Penney Co.,* 74 N.M. 484, 485, 394 P.2d 996, 997 (1964), the Supreme Court wrote:

> There must not only have been causal connection between the employment and the accident, but the accident must result from a risk incident to the work itself.
>
> . . . .
>
> [A]n employee who has a pre-existing physical weakness or disease may suffer a compensable injury if the employment contribution can be found either *in placing the employee in a position which aggravates the danger due to the idiopathic condition,* or where the condition is aggravated by strain or trauma due to the employment requirements . . . . (Emphasis added.)

*Id.* at 486, 394 P.2d at 997. The parties recognize that whether any disability on plaintiff's part arose out of an accident depends upon the evidence. *See, Berry, supra; Christensen v. Dysart,* 42 N.M. 107, 76 P.2d 1 (1938).

Defendants contend: (a) the evidence shows that the cause of plaintiff's injury was not any hazard created by the nature of the employment; (b) every reasonable effort was made to accommodate plaintiff's peculiar sensitivity to tobacco smoke; (c) the air quality in the buildings where plaintiff worked was better than any other office building in town; (d) plaintiff was subjected to significantly less tobacco smoke than he would have encountered in the average office building.

■ We agree there is evidence to support defendants' contentions and evidence that would have supported a conclusion that the injury did not arise out of the employment. There is also evidence however, that the accident did arise out of plaintiff's employment; and it is the function of the trier of fact, and not of this court, to weigh the evidence. *See, Marez, supra.*

It is uncontroverted that the areas where Schober worked contained tobacco smoke. Any and everyone who worked there was subjected to the smoke and to the risk that they might be or become allergic to it. Although cigarette smoke exists other places than at Mountain Bell, the evidence indicates that Schober was continuously exposed to it there, and that he encountered a minimal amount of smoke elsewhere, due to extraordinary precautions on his part. For Schober, employment at Mountain Bell where others smoked contributed something to the hazard that he would ultimately collapse as his tolerance to cigarette smoke decreased. There were two causes of Schober's collapse; first, his allergic reaction to tobacco smoke; and second, that he was continuously exposed to that substance at work. Dr. Casebolt testified, to a medical probability, that plaintiff's working eight hours a day, five days a week, in an area that contained tobacco smoke 'was the major contributing factor to his problem today.' This evidence meets the test quoted above from *Berry, supra,* and supports the conclusion that plaintiff's accident and injury arose out of his employment.

*Disability.*

The statutes defining disability, §§ 52–1–24 and 52–1–25, N.M.S.A.1978, have been interpreted by this court to contain two tests to be used in determining disability under the Workmen's Compensation Act: (1) the workman must be totally or partially unable to perform the work he was doing at the time of the injury; and (2) the workman must be totally or partially unable to perform any work for which he is fitted and qualified. *Medina v. Zia Co.,* 88 N.M. 615, 544 P.2d 1180 (Ct.App.1975), *cert. denied,* 89 N.M. 6, 546 P.2d 71 (1976). A workman is disabled under the second test if he cannot perform some or all of the work for which he is fitted by age, education, training, capacity and experience. *Anaya v. New Mexico Steel Erectors, Inc.,* 94 N.M. 370, 610 P.2d 1199 (1980).

Schober's background, his work experience, training, and education were in a specialized area of electronics. Since his collapse, and because of his allergic reaction to tobacco smoke, he has been unable to obtain a job which would utilize his electronics skills. He is disabled under both the first and second tests in *Medina.*

The existence of post-injury employment does not necessarily disqualify the workman from disability benefits. *Aranda v. Mississippi Chemical Corp.,* 93 N.M. 412, 600 P.2d 1202 (Ct.App.), *cert. denied,* 93 N.M. 683, 604 P.2d 821 (1979); *Maes v. John C. Cornell, Inc.,* 86 N.M. 393, 524 P.2d 1009 (Ct.App.1974); *see, Anaya, supra; see also, Lozano v. Archer,* 71 N.M. 175, 376 P.2d 963 (1962). Post injury employment is evidence going to the question of whether a disability exists, but compensation for disability depends on the inability to perform some of the work for which the workman is fitted. *Anaya, supra,* not on whether or not the workman is employed.

The trial court concluded that Schober's disability was temporary and that it terminated when he became temporarily employed in February of 1978. This was error. Schober's current work installing sprinkler systems does not utilize his training and background experience, and so does not bar him from receiving disability benefits.

The trial on the merits took place three years after Schober's second collapse. At that time, the court found that, if he were exposed to tobacco smoke for a normal working day, his condition would again worsen to the extent it was at the time of his collapse in January 1977. The court further found that the only treatment for his condition was avoidance of tobacco smoke, and that his training and background required him to work in an office. These findings are uncontroverted and indicate that Schober is currently disabled. The trial court erred in finding that his disability terminated at the time he became re-employed.

382

4. *Total or partial disability.*

The trial court found that Schober's disability was 30%. The determination of the degree of disability in workmen's compensation cases is generally a matter for the trial court, and absent misapplication of the law or lack of substantial evidence, an appellate court should not substitute its judgment for that of the trial court. *Ideal Basic Industries, Inc. v. Evans,* 91 N.M. 460, 575 P.2d 1345 (1978). There is substantial evidence to support this finding of partial disability, and so we do not disturb it.

5. *The $750 limit on expert witness fees.*

Chapter 38 of the New Mexico Statutes, N.M.S.A.1978, regulates civil trials in general. Section 38–6–4 of that chapter allows the district court to tax the payment of an expert witness as costs, but limits the compensation to $750. That statute reads in pertinent part:

> *Per diem and mileage for witnesses.*
>
> . . . .
>
> B. The district judge in any case pending in the district court may order the payment of a reasonable fee, to be taxed as costs . . . for any witness who qualifies as an expert and who testifies in the cause. . . . The total expert witness compensation which may be allowed by the court to the prevailing party shall not exceed seven hundred fifty dollars ($750).

This statute is made applicable to cases arising under the Workmen's Compensation Act by § 52–1–35(B), N.M.S.A.1978 which states in part:

> No costs shall be charged, taxed or collected by the clerk except fees for witnesses [in workmen's compensation cases] who testify under subpoena. These witnesses shall be allowed the same fee for attendance and mileage as is fixed by law in other civil actions.

No claim is made that the expert witnesses did not testify under subpoena.

Despite Schober's expenses of $2,806.08 for expert witness fees, which the court found reasonable for testimony which was necessary to Schober's case, the court properly limited his recovery for these fees to $750. It was required by the Legislature to impose this limit, however inequitable it might seem in the circumstances.

The judgment of the trial court is affirmed in all respects, except in its finding and order that the disability payments cease on February 9, 1978. The cause is remanded and the court below is instructed to order payments for 30% disability to continue until and unless changed pursuant to § 52–1–56, N.M.S.A.1978. Plaintiff is awarded $1,500 for the services of his attorney on this appeal.

IT IS SO ORDERED.

WOOD, C. J., and ANDREWS, J., concur.