816 P.2d 500

Kathleen D. **SHORES,**
**Plaintiff–Appellee,**

v.

**CHARTER SERVICES, INC.,**
**Defendant–Appellant.**

No. 19550.

Supreme Court of New Mexico.

Aug. 22, 1991.

The Branch Law Firm, Turner W. Branch, Albuquerque, for appellant.

The Eaton Law Firm, Roger V. Eaton, Albuquerque, for appellee.

## OPINION

SOSA, Chief Justice.

In this workers' compensation case, employer appeals an award to worker-claimant in which worker was determined to be fifteen percent partially disabled. This determination was based on the law in effect in 1985 when the injury occurred. That law reads as follows:

> As used in the Workmen's Compensation Act, "partial disability" means a condition whereby a workman, by reason of injury arising out of and in the course of his employment, is unable to some percentage-extent to perform the usual tasks in the work he was performing at the time of his injury and is unable to some percentage-extent to perform any work for which he is fitted by age, education, training, general physical and mental capacity and previous work experience.

NMSA 1978, § 52–1–25 (Orig.Pamp.), Laws 1965, ch. 295, § 19.

In the present case, the worker injured her back trying to lift a typewriter. There is evidence in the record that she subsequently concealed the fact of her injury and of her workers' compensation claim when she filed for unemployment benefits and when she applied for another job. There is also evidence of a long history of back problems from other injuries, occurring both before and after her work-related injury. After her work-related injury, worker returned to her job and eventually resumed her pre-injury duties full-time and was paid her full pre-injury salary. A few days after resuming this status, however, worker was fired for "atrocious" behavior in the workplace unrelated to her injury, a termination which she contended was wrongful. Since being fired, worker has held two other jobs. Her present job pays her more than did her job with employer.

On appeal, employer contends that the court used the wrong standard in finding partial disability. Employer argues that the court used a "physical impairment" standard rather than the applicable "disability to perform work" standard. Employer argues that because worker resumed her pre-injury job full-time and at full pay and because she now holds a job that pays better than her injury-related job, she cannot, under the 1985 standard, be disabled. We disagree with employer and affirm the trial court's judgment in its entirety.

We agree with employer that under the law in effect in 1985 compensation benefits were based not on physical injury but on disability. *See, e.g., Gallegos v. Kennedy,* 79 N.M. 590, 446 P.2d 642 (1968). We also agree that disability under the prior law was defined in terms of the workers' inability to perform the usual tasks of her employment. *Anaya v. Big Three Indus., Inc.,* 86 N.M. 168, 521 P.2d 130 (Ct. App.1974). Finally, we agree that the 1963 amendment in the workers' compensation statute changed the test of disability from wage-earning ability to capacity to perform work, and that to recover under the statute the worker had to show that she was wholly or partially unable to perform any work for which she was fitted. *Medina v. Zia Co.,* 88 N.M. 615, 544 P.2d 1180 (Ct.App. 1975), *cert. denied,* 89 N.M. 6, 546 P.2d 71 (1976).

However, our case law also holds that the phrase " 'unable * * * to perform any work for which he is fitted,' means an inability to perform some of the work for which he is fitted, given the workman's previous training and work experience as well as his age, education, and physical and mental condition." *Jaramillo v. Kaufman Plumbing & Heating Co.,* 103 N.M. 400, 403, 708 P.2d 312, 315 (1985) (construing *Anaya v. New Mexico Steel Erectors, Inc.,* 94 N.M. 370, 610 P.2d 1199 (1980)). Further, "the existence of post-injury employment does not necessarily disqualify the workman from receiving disability benefits." *Jaramillo,* 103 N.M. at 403, 708 P.2d at 315 (construing *Schober v. Mountain Bell Telephone,* 96 N.M. 376, 630 P.2d 1231 (Ct.App.1980)). *See Smith v. Trailways Bus Sys.,* 96 N.M. 79, 628 P.2d 324 (Ct.App.1981) (even though claimant returned to work and resumed normal duties, 35% partial disability upheld).

■ Here there was substantial evidence in the record to support the trial court's determination of partial disability. That evidence included worker's ongoing pain, her inability to lift heavy objects and to turn her torso fully while working. The fact that she can be gainfully employed at a greater salary than before does not detract from the court's finding of disability. It is perfectly rational and consistent to find that a worker fully can perform her job duties while at the same time being fifteen percent disabled. In the present case, this fact is a credit to worker's perseverance, and not suggestive of inconsistency, as employer argues. *See Perez v. International Minerals & Chem. Corp.,* 95 N.M. 628, 635, 624 P.2d 1025, 1032 (Ct. App.1981) (construing *Herndon v. Albuquerque Pub. Schools,* 92 N.M. 635, 593 P.2d 470 (Ct.App.1978)) (severe pain, while not practically disabling, may yet be compensable).

Here, as always, "If the necessary medical evidence is produced, the degree of disability is a question of fact for the factfinder; and if there is substantial evidence in the record to support a disability finding, it is binding on" the appellate court.

*Smith,* 96 N.M. at 81, 628 P.2d at 326 (construing *Adams v. Loffland Bros. Drilling Co.,* 82 N.M. 72, 475 P.2d 466) (Ct.App.1970); *see also Medina,* 88 N.M. at 618, 544 P.2d at 1183 ("long-standing rule exists on appeal" to effect that trier of fact's determination is binding).

Accordingly, the judgment is affirmed.

IT IS SO ORDERED.

MONTGOMERY and FRANCHINI, JJ., concur.