766 P.2d 311

**Mark HENSLER, Petitioner,**

v.

**CLARKE OIL WELL SERVICE and Home Insurance Company, Respondents.**

**No. 17981.**

Supreme Court of New Mexico.

Dec. 28, 1988.

Warren F. Reynolds, Hobbs, for petitioner.

Samuel M. Laughlin, Jr., Hobbs, for respondents.

## OPINION

SOSA, Senior Justice.

In its memorandum opinion (No. 10,640, August 23, 1988), the court of appeals affirmed the dispositional order of the workers' compensation administration finding petitioner 10% permanently disabled. On petition for writ of certiorari to the court of appeals, we granted the petition, and now reverse the court of appeals for the reasons stated herein and remand the case to the workers' compensation administration hearing officer.

In its opinion, the court of appeals accurately states the following: "[Petitioner] argues that if he was unable to return to his former job, he would be totally disabled. *See Medina v. Zia Co.*, 88 N.M. 615, 544 P.2d 1180 (Ct.App.1975). However, if there is some work for which he is fitted, he cannot be totally disabled. *Id.*"

The court then goes on to state, "It appears from the record that claimant was released to return to work on October 30, 1986. At that time, he was given a few medical restrictions * * * * These restrictions did not pose a problem with claimant's employer. There was work available to satisfy those restrictions. However, claimant never returned to work."

The issue of petitioner's capacity to return to work, his employer's willingness to permit him to return to work, and his ac-ceptance or rejection of any such work is pivotal to the court of appeals' decision. Yet, as we read the record, the evidence is ambiguous on this issue. More crucial, the hearing officer entered neither findings of fact nor conclusions of law which conclusively disposed of this issue. Consequently, we reverse the court of appeals and remand the case to the hearing officer with instructions to enter findings of fact and conclusions of law which dispose of the following questions:

(1) Was there work available for petitioner to perform for which he was qualified by age, training, education and previous experience, and which would yet satisfy the restrictions on his physical activity as specified by his doctor?

(2) Did petitioner make an effort to engage in such work, if it was available?

The answer to these questions is dispositive, because, as the court of appeals correctly stated in its opinion, "If a claimant is capable of performing some work for which he is fitted, but does not return to work, he does not satisfy the test for total disability." If the hearing officer enters findings of fact and conclusions of law which answer question one in the affirmative and question two in the negative, thereby finding the facts as the court of appeals has interpreted the record, then judgment shall be entered in favor of respondents. If, however, question one is answered in the negative, then the hearing officer's dispositional order should be reversed, and petitioner shall be adjudged totally disabled.

If petitioner "can no longer do the work he was doing when injured, and cannot do the only work for which he is qualified, he is 'legally' totally disabled." *Quintana v. Trotz Constr. Co.*, 79 N.M. 109, 112, 440 P.2d 301, 304 (1968). This is so in spite of the fact that medical testimony places petitioner's disability at 10% insofar as his capacity to perform his previous job is concerned. From the restrictions placed on the petitioner by his doctor, it is evident that the medical testimony could be interpreted to mean 10% *impairment*. Impairment and disability are not equivalent concepts, but even so, our law is clear that the test of total disability is not a percentage

assessment of disability from medical testimony but the test quoted above from *Quintana v. Trotz Construction Company, id.*

The hearing officer, by answering the two questions set forth above, will determine, first, whether work was available for which petitioner was qualified and which would permit him to meet the restrictions on physical exertion set by his doctor, and second, whether petitioner accepted any such work. In arriving at his conclusion, the hearing officer will be guided by our holding in *Brown v. Safeway Stores, Inc.,* 82 N.M. 424, 427, 483 P.2d 305, 308 (1970), to the effect that "proof of the disability is on the [petitioner], but after [petitioner] has introduced evidence as to his age, education, training, and general physical and mental capacity, the burden of coming forward," i.e., the burden of proving that petitioner is employable to do some work for which he is qualified, is on respondents.

Reversed and remanded for proceedings consistent with this opinion.

IT IS SO ORDERED.

SCARBOROUGH, C.J., and WALTERS and RANSOM, JJ., concur.

STOWERS, J., dissents.

STOWERS, Justice, dissenting.

I hereby adopt as my dissent the majority opinion of the court of appeals as appended herein in full.

### APPENDIX

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

MARK HENSLER, Claimant–Appellant,

vs.

CLARKE OIL WELL SERVICE, and HOME INSURANCE COMPANY, Respondents–Appellees.

Aug. 23, 1988

No. 10,640

ADMINISTRATIVE APPEAL FROM THE NEW MEXICO DEPARTMENT OF LABOR

GREGORY D. GRIEGO, Hearing Officer

WARREN F. REYNOLDS

WARREN F. REYNOLDS, P.A.

Hobbs, New Mexico, Attorneys for Claimant–Appellant

SAM LAUGHLIN, Jr.

LAW OFFICES OF R.E. RICHARDS

Hobbs, New Mexico, Attorneys for Respondents–Appellees

### MEMORANDUM OPINION

ALARID, Judge.

Claimant appeals a dispositional order from the workers' compensation administration finding him 10% permanently partially disabled. Our first calendar notice proposed summary affirmance of the order. Pursuant to an extension of time, claimant has timely filed a memorandum in opposition to the proposal. Not being persuaded, we affirm.

Claimant injured his back on May 24, 1985, while descending from an oil derrick. The hearing officer found that claimant was temporarily totally disabled from May 25, 1985 until October 30, 1986. The hearing officer found that from October 31, 1986, claimant was permanently partially disabled to the extent of 10%. The hearing officer concluded that claimant was unable to return to his former job and should receive vocational rehabilitation benefits. Claimant has two arguments regarding the finding of 10% disability.

First, he argues that the findings regarding the percentage disability and the need for vocational rehabilitation conflict with each other. He argues that if he was unable to return to his former job, he would be totally disabled. *See Medina v. Zia Co.,* 88 N.M. 615, 544 P.2d 1180 (Ct. App.1975). However, if there is some work for which he is fitted, he cannot be totally disabled. *Id.*

It appears from the record that claimant was released to return to work on October 30, 1986. At that time, he was given a few medical restrictions. He was not to lift more than 30 pounds on a repetitious basis and he was not to sit, stand or walk for

**54**

prolonged periods without rest intervals. These restrictions did not pose a problem with claimant's employer. There was work available to satisfy those restrictions. However, claimant never returned to work.

If a claimant is capable of performing some work for which he is fitted, but does not return to work, he does not satisfy the test for total disability. The fact that the hearing officer found that claimant was entitled to vocational rehabilitation does not conflict with the finding of a percentage disability. Entitlement for vocational rehabilitation benefits is dependent upon an inability to return to one's former job. NMSA 1978, § 52–1–50 (Cum.Supp.1985). If the claimant cannot return to his former job because of a percentage disability, he is then entitled to vocational rehabilitation.

Secondly, claimant argues that the hearing officer based his determination of 10% disability on an impairment rating given by expert medical testimony. A percentage of impairment is not necessarily disability. *Perez v. International Minerals Chemical Corp.*, 95 N.M. 628, 624 P.2d 1025 (Ct.App. 1981). The finder of fact is not bound by a doctor's testimony regarding percentage of disability. *Anaya v. New Mexico Steel Erectors, Inc.*, 94 N.M. 370, 610 P.2d 1199 (1980). However, the finder of fact may take into consideration the doctor's testimony in making its determination regarding disability.

Claimant argues that his case is similar to *Quintana v. Trotz Constr. Co.*, 79 N.M. 109, 440 P.2d 301 (1968), where the medical testimony was that the plaintiff would not be able to do heavy manual labor, but that he could do most kinds of light or sedentary work. The trial court found plaintiff 20% disabled based on medical testimony that he would be 20% permanently disabled no matter what he did. The appellate court reversed, stating that if there was evidence that plaintiff could no longer do the work that he was doing at the time of the injury, and that he could not do any work for which he was qualified, then regardless of the medical testimony, the plaintiff would be totally disabled. However, in this case, the evidence was that claimant could do some of the work for which he was fitted. Therefore, he could not be totally disabled.

The medical testimony was competent testimony on which the hearing officer could base a finding of 10% disability.

Claimant also argues that the finding that he failed to identify, with particularity, the safety device which was not provided was error. Evidence was introduced at the hearing regarding the specific safety device without objection. Therefore, the issue was tried by implied consent of the parties and the pleadings are treated as amended. *White v. Wayne Lowdermilk, Inc.*, 85 N.M. 100, 509 P.2d 575 (1973). However, we fail to see how this advances claimant's cause. The hearing officer found that the failure to provide a safety device was not the proximate cause of claimant's injury.

Proximate cause is for the finder of fact. The finder of fact determines the credibility of witnesses and determines where the truth lies. *Sanchez v. Homestake Mining Co.*, 102 N.M. 473, 697 P.2d 156 (Ct.App. 1985). This court will not substitute its judgment for that of the trier of fact. *Id.* There is evidence in the record that claimant was acting in direct opposition to orders when he descended the derrick by way of the "geronimo line." Therefore, we do not agree that the evidence was uncontradicted that the failure to provide a safety device was the proximate cause of claimant's injury. There is substantial evidence to support the finding of the hearing officer.

Because claimant's memorandum did not address the claim regarding the attorney fees, we deem the issue to be abandoned. *State v. Rael*, 100 N.M. 193, 668 P.2d 309 (Ct.App.1983).

For the reasons stated herein and in the calendar notice, we affirm the dispositional order of the workers' compensation administration.

IT IS SO ORDERED.

DONNELLY, C.J., and FRUMAN, J., concur.